# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KARL B. DeLEON, as Administrator
of the Estate of Daniel DeLeon,

                              Plaintiff,

    v.                                      1:11-CV-1538
                                              (GTS/ATB)

FEDERAL DEPOSIT INS. CORP, et al.,

                              Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KARL B. DeLEON, Plaintiff, pro se
WILLIAM B. LARKIN, Ass't U.S. Attorney, for the Federal Agency Defendants
DEAN HIGGINS, Ass't Att'y Gen., for New York State Office of Controller

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

     On December 30, 2011, plaintiff filed this complaint against various federal and New York State agencies. (Dkt. No. 1). Karl B. DeLeon is the administrator of, and purports to represent the Estate of Daniel DeLeon. (*Id.*). After discussing some issues regarding service on the defendants, I issued a text order, discussing the representation of the Estate by Mr. DeLeon, a non-attorney. I cited *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997) which holds that an administrator or executor of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant. (Text Order dated 5/22/12).

     In my May 22, 2012 Text Order, I ordered plaintiff to obtain counsel for the estate by June 17, 2012. Mr. DeLeon filed a letter, dated June 1, 2012, stating *inter alia*, that June 17, 2012 was a "completely unreasonable" date for plaintiff to locate counsel to represent the estate. (Dkt. No. 7). On June 5, 2012, AUSA Larkin requested an adjournment of the case management (Rule 16) conference, and an

extension of time within which to file answers or otherwise move against plaintiff's complaint. (Dkt. No. 8). On June 6, 2012, I issued a text order, granting defendants' request and adjourning the Rule 16 conference. (Text Order dated June 6, 2012). On July 25, 2012, this court conducted a stenographically-recorded conference at which Karl B. DeLeon, and the attorney for the federal agency defendants appeared in person, and counsel for the Office of the New York State Controller participated by telephone.[1]

At the conference, Mr. DeLeon admitted that the estate has multiple heirs. Because it is clear that Mr. DeLeon may *not* represent the Estate pro se, I again ordered him to obtain counsel or risk dismissal of the action.[2] I issued a written order on July 26, 2012, in which I directed plaintiff to obtain an attorney by September 25, 2012. (Dkt. No. 15). Plaintiff did not appeal that order, and as of today's date, no attorney has filed a notice of appearance on behalf of the Estate. My July 26, 2012 order specifically stated:

> **IF AN ADMITTED ATTORNEY HAS NOT ENTERED AN APPEARANCE BY THE DEADLINE IMPOSED HEREIN, THIS COURT MAY RECOMMEND DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE.**

(Dkt. No. 15 at 2).

Mr. DeLeon has been warned several times that he must obtain an attorney for

---

[1] My prior Order dated June 29, 2012 (Dkt. No. 12) sets forth the complete procedural history of this mater.

[2] *See also Iannaccone v. Law*, 142 F3d 553, 559 (2d Cir. 1998). *Cf. Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) (re-affirming *Pridgen*, but holding that "the administrator and *sole* beneficiary of an estate *with no creditors* may appear pro se on behalf of the estate") (emphasis added).

2

the Estate. He has been warned that the failure to do so will result in my recommending dismissal, but he has, neither complied with, nor appealed the court's order. The complaint specifically states that the only plaintiff is the "Estate." (Compl. ¶ 4) (Dkt. No. 1). Mr. DeLeon identifies himself only as "Administrator," and has asserted no rights other than those of the Estate, thus, the complaint may not proceed on any basis unless an attorney appears to represent the plaintiff. This court has no choice but to recommend dismissal of this action for failure to prosecute. *See Bongiovanni ex rel. Bongiovanni v. Grubin*, 451 F. App'x 53 (2d Cir. 2011) (a person not admitted to practice of law may not represent anybody other than himself); *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 135 (2d Cir. 2009) (if counsel is not secured or appointed, the court may dismiss the action without prejudice).

**WHEREFORE**, based upon the findings above, it is

**RECOMMENDED**, that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 27, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge