UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KARL B. DeLEON, as Admin. of the Estate
of Daniel DeLeon,

                          Plaintiff,

v.                                              1:11-CV-1538
                                              (GTS/ATB)

FED. DEPOSIT INS. CORP.; OFFICE of the
COMPTROLLER of the CURRENCY; BD. OF
GOVERNORS of the FED. RESERVE SYS.;
and NEW YORK STATE OFFICE of the
STATE COMPTROLLER,

                          Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

KARL B. DeLEON
  Plaintiff, *Pro Se*
P.O. Box 4212
Schenectady, New York 12303

HON. RICHARD S. HARTUNIAN                  WILLIAM F. LARKIN, ESQ.
United States Attorney for the N.D.N.Y.         Assistant United States Attorney
  Counsel for Defendants
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action filed *pro se* by Karl B. DeLeon ("Plaintiff") against the four above-captioned federal and state agencies ("Defendants") in December 2011 pursuant to Section 38 of the Federal Deposit Insurance Act and the Fifth and Fourteenth Amendments seeking to recover funds allegedly lost and/or seized from several bank accounts owned by the Estate of Daniel DeLeon, is the Report-Recommendation of United States

Magistrate Judge Andrew T. Baxter dated September 27, 2012, recommending that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to secure counsel as required by *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997), due to the fact that the Estate has multiple heirs. (Dkt. No. 16.)

In his Objections of December 13, 2012, Plaintiff argues, *inter alia*, that (1) "he *still does not* wish to assign [his right to prosecute this case] to a club of lawyers in Albany[, New York]," and (2) the asserted defect in his Complaint is cured by his removal, from the caption of his proposed Amended Complaint, of any reference to his title as the Administrator of the Estate of Daniel DeLeon. (Dkt. No. 19 [emphasis in original].)

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation and Plaintiff's Objections thereto, the Court concludes that Magistrate Judge Baxter's Report-Recommendation is correct in all respects. (Dkt. No. 16.) Magistrate Judge Baxter employed the proper standard, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court rejects Plaintiff's Objections, and adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two points.

First, the Court has carefully weighed the five factors relevant to a dismissal for failure to prosecute (and/or failure to obey a court order) under Fed. R. Civ. P. 41(b). *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted]. The duration of Plaintiff's failure is approximately eight-and-a-half months (having begun on May 22, 2012).[1] Plaintiff clearly and repeatedly received adequate notice that the

---

[1] Generally, durations of such time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

2

failure in question would result in dismissal of his action. (*See, e.g.,* Text Order dated May 22, 2012; Dkt. No. 12; Dkt. No. 15.) The prejudice posed to Defendants by Plaintiff's failure is exacerbated by the age of the case (which was filed on December 30, 2011).[2] Under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given Plaintiff's declaration that he "*does not* wish to assign [his right to prosecute this case] to a club of lawyers in Albany[, New York]." (Dkt. No. 19 [emphasis in original].) The Court notes that the dismissal is only without prejudice.

Second, Plaintiff's proposed Amended Complaint would not cure the defect identified by Magistrate Judge Baxter, and indeed would inject into the case the issue of lack of standing (in place of the issue of lack of capacity raised by *Pridgen v. Anderson*, 113 F.3d 391 [2d Cir. 1997]).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk's Office is directed to close this action.

Dated: February 14, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[2] *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").